IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WILLARD EARL BOHANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 08-2220-STA |
| BAPTIST MEMORIAL ) | |
| HOSPITAL-TIPTON, and BAPTIST ) | |
| MEMORIAL HEALTHCARE ) | |
| CORPORATION; ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO REVISIT RULING ON
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the Court is Plaintiff Willard Earl Bohannon's Motion to Revisit Ruling on Defendants' Motion for Partial Summary Judgment (D.E. # 120) filed on June 5, 2010. Defendants responded in opposition to Plaintiff's Motion on June 17, 2010 (D.E. # 122). For the reasons set forth below, Plaintiff's Motion is **DENIED**.

**BACKGROUND**

On May 7, 2010, the Court granted Defendants' motion for partial summary judgment (D.E. # 113).[1] The Court concluded that the Defendants were entitled to summary judgment on Plaintiff's following claims: (1) age discrimination under the American Discrimination in Employment Act ("ADEA") and Tennessee Human Rights Act ("THRA") and (2) retaliatory

---

[1] For a recitation of the facts of this case, see the Court's previous Order at DE 113.

1

discharge under the Tennessee Public Protection Act ("TPPA").  The Court also found that any award of back pay or front pay that Plaintiff might receive must be cut off as of January 15, 2009, the date the ambulance service at Baptist-Tipton closed.[2]

As to Plaintiff's age discrimination claims under the ADEA and THRA, the Court reasoned that Plaintiff failed to make out his prima facie case of age discrimination.  More specifically, Plaintiff could not show the fourth element, i.e. that he was replaced by a significantly younger person or that he was treated less favorably than a similarly situated person.  As to Plaintiff's retaliatory discharge claim under the TPPA, the Court held that Plaintiff failed to make out his prima facie case because he could not show that he was terminated solely for his refusal to remain silent about alleged THRA and FLSA violations.  Finally, as to Plaintiff's back and front pay claims, the Court found that any award Plaintiff might receive must be capped as of January 15, 2009 because he failed to show that he had any expectation of employment beyond that date.

Plaintiff has now filed the Motion before the Court seeking reconsideration of the Court's previous decision.  As an initial matter, the Plaintiff contends that he was prejudiced by the Court's refusal to consider the additional statement of facts he attached to his response to Defendants' motion for partial summary judgment.  In this vein, Plaintiff argues that the Court overlooked material evidence that shows he would have been employed beyond January 15, 2009.  Specifically, Plaintiff contends that the Court ignored the fact that: (1) Baptist-Tipton

---

[2] Plaintiff has four (4) remaining claims before this Court.  He alleges that he was (1) unlawfully discharged in violation of the anti-retaliation provisions of 29 U.S.C. § 215(a)(3) of the FLSA and in violation of (2) 42 U.S.C. § 2000e-3, i.e. Title VII.  Plaintiff also alleges retaliatory discharge claims pursuant to (3) the Tennessee Human Rights Act and (4) the Tennessee common law.  Am. Compl. ¶¶ 50-65.

employees began hearing rumors in the summer of 2008 that the ambulance service would close; (2) the Baptist Policy Manual contains a detailed policy addressing promotions, demotions, and lateral transfers, (3) pursuant to the transfer policy, Rivera transferred to the ambulance service at Baptist-Memphis before the ambulance service closed at Baptist-Tipton, (4) his skills were highly valued by his supervisors, and (5) Kim Hines applied for an open emergency room position in Baptist-Tipton in May 2009.  Viewing these facts together, the Plaintiff contends that he proffered sufficient evidence to show that he would have continued to be employed after January 15, 2009.

     Next, the Plaintiff asserts that the Court erred as a matter of law in finding that he could not make out a prima facie case of age discrimination under the ADEA or THRA.  More specifically, the Plaintiff contends that the Court should not have applied the definition of "replacement" as set forth by the Sixth Circuit in *Grosjean v. First Energy Corp*, a non-reduction in force case, to its analysis of the fourth element of his prima facie case.  The Plaintiff reasons that the definition of replacement the Sixth Circuit relied on in *Grosjean,* a non-reduction in force case, was actually set forth in *Barnes v. GenCorp., Inc*., a reduction in force case.  Based on his reading of *Barnes,* Plaintiff contends that the Sixth Circuit suggested that it did not intend the definition it set forth to apply to non-reduction in force cases, such like the case at bar.  However, even if the reasoning of *Barnes* is applicable to the case at bar, the Plaintiff asserts the Court misapplied it.

     The Plaintiff also contends that the Court erred in its determination that he and his wife, Janice Bohannon, were not similarly situated for purposes of his age discrimination claims. Plaintiff notes that his wife who was significantly younger than him drank super tonic at work

3

but was not terminated. Thus, Plaintiff asserts that he was treated less favorably than Janice, a similarly situated employee.

Finally, Plaintiff contends that the Court erred in finding that he could not make out a prima facie case of retaliatory discharge under the TPPA. Plaintiff argues that the "Court's analysis is problematic because . . . it sidesteps the critical question underlying each cause of action asserted by Plaintiff in this case: Was possession of "alcohol" the real reason for Plaintiff's termination, or mere pretext to conceal retaliatory and or/discriminatory intent?" Plaintiff then goes on to brief various facts that he argues show his termination was pretextual.

In response, the Defendants contend that the Court should refuse to even hear Plaintiff's Motion because it is untimely and because Plaintiff fails to cite any procedural basis for his Motion. However, if the Court does choose to entertain Plaintiff's Motion, the Defendants contend that it should be denied because it does not (1) demonstrate a clear error of law, (2) raise any new evidence, or (3) proffer an intervening change in controlling law.

## STANDARD OF REVIEW

The Court notes that the Defendants correctly point out in their response to the instant Motion that the Plaintiff fails to set forth any procedural basis for his Motion in his brief. Plaintiff does not cite to any Federal Rule of Civil Procedure that would require the Court to consider the instant Motion. In fact, the Federal Rules of Civil Procedure do not even specifically recognize motions for reconsideration. However, such motions are typically brought under Fed. R. Civ. P. 54(b), 59(e) or 60(b). As such, the Court is going to construe Plaintiff's

Motion as one brought pursuant to Rule 59(e).[3]

Motions under Rule 59(e) may be based upon one of the following reasons: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice.[4] "'[W]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal.'"[5]  Furthermore, Rule 59(e) motions should not be based on legal arguments that the movant simply failed to raise in the earlier motion.[6]

## **ANALYSIS**

---

[3] The Defendant points out that Rule 59(e) motions must be brought within 28 days of entry of a judgment. *See* Fed. R. Civ. P. 59(e). As such, Defendant contends that Plaintiff's motion is untimely because he filed it 29 days after entry of the Court's order. The Court entered its Order on May 7, 2010, and the Plaintiff filed the instant Motion on June 5, 2010. Defendants contend Plaintiff's deadline was June 4, 2010. The Court, however, declines to deny to hear Plaintiff's Motion on this ground since at most Plaintiff's Motion was filed a day late.

[4] *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

[5] *Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997) (quoting *Keweenaw Bay Indian Cmty. v. Michigan*, 152 F.R.D. 562, 563 (W.D. Mich. 1992), *aff'd* 11 F.3d 1341 (6th Cir. 1993)). *Cf. Muhammad v. Orta*, 19 Fed. Appx. 370 (6th Cir. 2001) (affirming denial of Rule 60(b) motion where motion was "merely an attempt to relitigate"). *See also Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007); *Michael Linet, Inc., v. Village of Wellington*, 408 F.3d 757, 759 (11th Cir. 2005); *Templet v. Hydro-Chem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

[6] *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007). *See Al-Sadoon v. FISI Madison Fin. Corp.*, 188 F. Supp. 2d 899, 903 (M.D. Tenn. 2002) (refusing to reconsider an order denying an employer's summary judgment motion where the motion to reconsider argued that the employee had failed to establish one element of a prima facie case, while the original summary judgment motion solely argued that he had failed to establish another); *see also Vanguard Transp. Sys., Inc. v. Volvo Trucks N. Am., Inc.*, No. 2:04-cv-889, 2006 WL 3097189, at *2 (S.D. Ohio Oct. 30, 2006) ("[M]otions under Rule 59(e) may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.") (citations and internal quotation marks omitted).

As a preliminary matter, the Court notes that the Plaintiff takes issue with its interpretation of Local Rule 7.2(d)(3). More specifically, Plaintiff contends that the Court should have considered the "Additional Statement of Facts" he attached to his response to Defendants' motion for partial summary judgment.[7]

In its previous Order, the Court noted that:

> Plaintiff includes in effect a separate statement of facts that he entitles "Additional Facts" with his response. Neither the Local Rules nor the Federal Rules of Civil Procedure provide for such a practice. Therefore, the Court will not consider Plaintiff's separate statement of "Additional Facts" for purpose of this Motion.[8]

Plaintiff argues that such a narrow view of Local Rule 7.2(d) is not in keeping with the framework set forth in Fed. R. Civ. P. 56. While the Court did not specifically enumerate Plaintiff's additional statement of facts as set forth by Plaintiff, it is clear from the Court's previous order that it did consider the record as a whole and as such Plaintiff's additional facts were incorporated in to its review.[9] Therefore, the Court is confident that it considered all of the material facts in this case and its previous rulings are supported as such.

### 1. Additional Facts as to Back Pay & Front Pay

As noted above, the Plaintiff contends that the Court overlooked material evidence that shows he would have continued to be employed beyond January 15, 2009, the date the

---

[7] In footnote one to the instant Motion, Plaintiff contends that "[he] has been unable to identify a single case out of a federal district court that disallowed the non-movant's statement of additional facts." The Court points Plaintiff to *Jain v. Memphis Shelby County Airport Auth.*, No. 08-2119-STA-dkv, 2010 WL 711319 (W.D. Tenn. Feb. 5, 2010).

[8] Order Granting Defs' Mot. for Partial Summ. J. 2 at (D.E. # 113) (May 7, 2010).

[9] As an additional matter, the Court notes that it is presently considering revisions to the Local Rules that would specifically allow a non-moving party to attach a statement of additional facts to its response.

ambulance service closed at Baptist-Tipton. More specifically, the Plaintiff contends that the Court overlooked the fact that:

> (1) Baptist-Tipton employees began hearing rumors in the summer of 2008 that the ambulance service would close; (2) the Baptist Policy Manual contains a detailed policy addressing promotions, demotions, and lateral transfers; (3) pursuant to the transfer policy, Rivera transferred to the ambulance service at Baptist-Memphis before the ambulance service closed at Baptist-Tipton, (4) his skills were highly valued by his supervisors, (5) Kim Hines applied for an open emergency room position in Baptist-Tipton in May 2009.

While the Court may not have specifically mentioned each fact proffered by Plaintiff in his Additional Statement of Facts, the Court did not overlook them in its analysis of Plaintiff's back and front pay claims.

For instance, as to the rumors allegation, the Court did not specifically reference this factual allegation but it did rely on it in its determination that "[w]hile the Court acknowledges that Rivera testified that she got the job at Baptist Memphis *in fear the ambulance service would close*, Rivera could not have possibly transferred under the terms of the reduction in force policy since she was employed prior to the service's closure."[10] The Plaintiff also contends that the Court did not adequately consider the terms of Baptist's lateral transfer and reduction in force policies. The Court, however, cited portions of these policies verbatim in its previous Order.[11] Therefore, the Court undisputedly considered them in its analysis of Plaintiff's back and front pay claims.

Additionally, the Plaintiff cites to various factual statements involving the applicability of

---

[10] Order Granting Defs' Mot. for Partial Summ. J. 13-14.

[11] *Id*. at 12. The Court cited Baptist Policy Manual, *Promotions, Demotions, Lateral Transfers, IV(A)* and *Reduction in Work Force, V*.

7

the lateral transfer policy to Brenda Rivera's employment with Baptist Memphis and the reduction in force policy to Kim Hines' employment in the emergency department at Baptist Tipton. The Court, however, addressed these factual allegations and Plaintiff's argument associated with such in its previous Order at length. As noted above, a motion for reconsideration is not a vehicle through which the moving party may offer "essentially the same arguments presented on the original motion." Here, this is exactly what Plaintiff attempts to do. As such, the Court finds that Plaintiff has failed to proffer any (1) clear error of law, (2) new evidence, (3) intervening change in the law; or (4) manifest injustice that would warrant a reversal of the Court's previous order concerning Plaintiff's back and front pay claims. Therefore, Plaintiff's Motion for Reconsideration as to this claim is **DENIED**.

### *2. Prima Facie Case of Age Discrimination*

Next, the Plaintiff asserts that the Court erred as a matter of law in finding that he could not make out a prima facie case of age discrimination under the ADEA or THRA. The Court reasoned that Plaintiff failed to proffer evidence to show that he was (1) replaced by a substantially younger worker or (2) that a comparable non-protected person was treated better, the fourth element of his prima facie case.

#### *a. Replaced by a substantially younger worker*

The Plaintiff contends that the Court should not have applied the definition of "replacement" as set forth in *Grosjean*, a non-RIF case. In *Grosjean*, the Sixth Circuit noted that:

> a person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work. A person is replaced only when another employee is hired or reassigned to perform the

    plaintiff's duties.[12]

In this Court's previous Order, relying on *Grosjean*, it reasoned that "after Plaintiff's termination, Hines took over Plaintiff's duties as an informal shift lead. As such Plaintiff was not "replaced" by Kim Hines, an existing Baptist employee."[13]

 The Plaintiff contends that this Court's reliance on *Grosjean* is misplaced because the definition of replacement in *Grosjean* was actually taken from *Barnes v. GenCorp, Inc.*, a RIF case. In *Barnes*, the Plaintiff contends the Sixth Circuit was careful to note that its reasoning only applied in a "true work force reduction case." The case at bar is a non-reduction in force case. Therefore, Plaintiff contends the Court should not have relied on *Grosjean* in its analysis.

 As a preliminary matter, Plaintiff's argument concerning the applicability of *Grosjean* to the instant case is unquestionably a legal argument he failed to raise in his response in opposition to Defendants' motion. Defendants cited to *Grosjean* in their original motion for the very proposition the Court relied on in its Order.[14] In his response, the Plaintiff made no mention of the fact that he believes the Sixth Circuit's analysis in *Grosjean* and *Barnes* has questionable applicability in non-RIF cases like the one present here. This argument, however, was one Plaintiff could have clearly made. In fact, Plaintiff even cited to *Grosjean* itself in footnote thirty (30) of his response for a different proposition. Thus, it is undisputed that Plaintiff reviewed *Grosjean* in preparing his response to Defendants' motion and undoubtedly could have made the argument he currently asserts at that time.

---

[12] *Grosjean v. First Energy Corp.*, 349 F.3d 332, 336 (6th Cir. 2003).

[13] Order Granting Defs' Mot. for Partial Summ. J. 19.

[14] Defs.' Mot. for Partial Summ. J. 14.

Even disregarding the fact that Plaintiff failed to make this argument in his initial response to Defendants' motion, the Court disagrees with Plaintiff's interpretation of *Barnes* and its progeny. The Sixth Circuit applied the definition of "replacement" it set forth in *Barnes* in *Grosjean*, a non-RIF case. *Grosjean* has not been overruled, and thus the Court's current reliance on its holding is not misplaced.

### b. Similarly Situated

Plaintiff also contends that the Court erred in its determination that he and his wife were not similarly situated. Much of Plaintiff's argument, however, appears to be a rehashing of the arguments he raised in response to Defendant's Motion. The Court declines to engage in such analysis.

Finally, the Plaintiff also briefs at length the factual allegations that support his argument that his termination was pretextual. The Court, however, found that the Plaintiff did not make out his prima facie case of age discrimination, and therefore did not reach the question of pretext. Having found that the Plaintiff has failed to put forth any basis for the Court to reverse its previous ruling, the Court again declines to address the question of pretext. Therefore, Plaintiff's motion as to this claim is **DENIED**.

### 3. Prima Facie Case of Retaliatory Discharge under the TPPA

Finally, Plaintiff asserts that the Court erred in holding that he could not make out a prima facie case of retaliatory discharge under the TPPA. The Court held that the "Plaintiff can not possibly demonstrate that he was terminated *solely* because of his refusal to remain silent about alleged THRA and FLSA violations"[15] because there was clear evidence he was terminated

---

[15] Order Granting Defs.' Mot. for Partial Summ. J. 28.

for possessing alcohol in his locker.  In the instant motion, the Plaintiff contends that Court sidestepped the "pretext" question.  The Court, however, does not engage in a pretext analysis until a prima facie showing is made.   The Court does not agree that it committed a clear error of law and Plaintiff cites no new evidence, an intervening change in the law or manifest injustice that will occur if the Court does not reverse its previous ruling.  As such, Plaintiff's motion as to this claim is **DENIED**.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Revisit Ruling on Defendants' Motion for Partial Summary Judgment is **DENIED**.

**IT IS SO ORDERED**.

                **s/ S. Thomas Anderson**
                S. THOMAS ANDERSON
                UNITED STATES DISTRICT JUDGE

                Date: June 21st, 2010.